UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

BERING STRAIT SCHOOL DISTRICT,

    Plaintiff,

    v.

SAFECO INSURANCE CO.,

    Defendant.

Case No. C06-658RSL

ORDER GRANTING
MOTION TO COMPEL;
ORDER TO SHOW CAUSE

## I. INTRODUCTION

This matter comes before the Court on a motion filed by defendant Safeco Insurance Company ("Safeco") for an order compelling nonparty Anthony Grose to comply with Safeco's subpoena duces tecum (the "subpoena"). (Dkt. #1). For the reasons set forth below, the Court grants the motion to compel.

## II. DISCUSSION

On March 20, 2006, Safeco issued the subpoena to Grose commanding him to appear for a deposition on April 14, 2006 and bring certain documents with him. Grose did not object to the subpoena. He appeared for the deposition but brought only some of the responsive documents. He stated that responsive documents could be contained in as many as fifty boxes in his possession, but he reviewed only one box before the deposition. Other than the large volume

ORDER GRANTING
MOTION TO COMPEL;
ORDER TO SHOW CAUSE - 1

1  of boxes, Grose did not offer any explanation for his failure to bring all of the responsive
2  documents.  Grose promised to supplement his disclosure.
3       By letter dated May 5, 2006, plaintiff's counsel supplemented Grose's disclosure and
4  again promised that Grose would review the other boxes and provide additional responsive
5  documents.  To date, Grose has not done so.  Safeco seeks an order compelling Grose to produce
6  all documents responsive to the subpoena, to reopen Grose's deposition, and to compel Grose to
7  answer questions regarding all responsive documents.  The Court considers the motion on an
8  expedited basis because the parties are subject to a May 31, 2006 discovery deadline in the
9  underlying case, currently pending in the United States District Court for the District of Alaska.
10 In response to the motion, Grose states that he "will continue to supplement the request for
11 production as documents are located and Mr. Grose completes his search of boxed records."
12 Response at p. 1.  Grose does not object to reconvening his deposition at Safeco's discretion.
13      Grose has not complied with his obligations under Fed. R. Civ. P. 45(d).  A respondent
14 cannot simply respond to a subpoena at his or her leisure.  Rather, he must comply with the
15 subpoena or object to it.  Grose's invitation for the parties to examine the boxes stored at
16 Grose's residence on their own does not relieve Grose of his obligation to comply with the
17 subpoena and to follow the production requirements set forth in Fed. R. Civ. P. 45(d).
18 Accordingly, Grose must produce all documents responsive to the subpoena within five days of
19 the date of this order.  Safeco may reconvene Grose's deposition, and Grose must make himself
20 available at Safeco's convenience.

### III.  CONCLUSION

22      For the foregoing reasons, defendant's motion to compel (Dkt. #1) is GRANTED.
23 Because the only relief requested in this action was an order to compel and the Court has
24 granted that relief, the parties must show cause within ten days of the date of this order why this
25 case should not be closed.  If neither party responds or shows cause, the Court will close the
26 case.  The Clerk of the Court is directed to place this order to show cause on the Court's

27 ORDER GRANTING
28 MOTION TO COMPEL;
ORDER TO SHOW CAUSE - 2

1 | calendar for consideration on June 2, 2006.

3 | DATED this 17th day of May, 2006.

*/s/ Robert S. Lasnik*
Robert S. Lasnik
United States District Judge

ORDER GRANTING
MOTION TO COMPEL;
ORDER TO SHOW CAUSE - 3